**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CENTRAL STATES JOINT BOARD HEALTH & WELFARE FUND; and CHEMICAL & PRODUCTION WORKERS UNION, LOCAL 30, AFL-CIO<br><br>Plaintiffs,<br><br>vs.<br><br>BROYLES PLUMBING HEATING & COOLING, INC., an Indiana Corporation,<br><br>Defendant. | )<br>)<br>) CASE NO.: 19-CV-60<br>)<br>) JUDGE:<br>)<br>) MAGISTRATE JUDGE:<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

NOW COME the Plaintiffs, the CENTRAL STATES JOINT BOARD HEALTH & WELFARE FUND ("WELFARE FUND") and the CHEMICAL & PRODUCTION WORKERS UNION, LOCAL 30, AFL-CIO ("LOCAL 30"), by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendant BROYLES PLUMBING HEATING & COOLING, INC. ("BPHCI") and allege as follows:

### **JURISDICTION AND VENUE**

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185, 1132(e)(1) and 1145, and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the WELFARE FUND is administered at 245 Fencl Lane, Hillside, Illinois, 60162, and pursuant to 28

1

U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The WELFARE FUND receives contributions from numerous employers pursuant to Collective Bargaining Agreements with Plastic Workers Union, Local 18 and LOCAL 30, locals of the International Union of Allied Novelty and Production Workers, and AFL-CIO, and therefore, is a multiemployer plan under 29 U.S.C. § 1002.

4. The WELFARE FUND is administered pursuant to the terms and provisions of the Agreement and Declaration of Trust (the "Trust Agreement"), which created it.

5. LOCAL 30 is an unincorporated voluntary association with its principal place of business located at 245 Fencl Lane, Hillside, Illinois, 60162. LOCAL 30 is a labor organization as defined under Section 301 of the Labor-Management Relations Act (29 U.S.C. § 185).

6. LOCAL 30 is the bargaining representative of Defendant BPHCI's bargaining-unit employees.

7. Defendant BPHCI is an Indiana corporation with its principal place of business located in New Castle, Indiana.

## COUNT I
## BREACH OF CONTRACT

8. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-7 of this Complaint with the same force and effect as if fully set forth herein.

9. BPHCI is an employer engaged in an industry affecting commerce.

10. On or about December 19, 2012, BPHCI entered into a Recognition Agreement, in which BPHCI recognized LOCAL 30 as the exclusive bargaining agent of its full-time employees. (A copy of the 2012 Recognition Agreement is attached hereto as **Exhibit 1**).

11. BPHCI subsequently entered into two additional Recognition Agreements, in which BPHCI recognized LOCAL 30 as the exclusive bargaining agent of its full-time employees. (A copy of the subsequent Recognition Agreements are attached hereto as **Exhibit 2** and **Exhibit 3**).

12. For the period of January 1, 2012, through December 31, 2014; the period of January 1, 2015, through December 31, 2017; and January 1, 2018, through December 31, 2021, UHES Employers Association, Inc. f/k/a Union Health & Employment Services, LLC (the "Bargaining Association") entered into three consecutive collective bargaining agreements (the "2012-2014 CBA," the "2015-2017 CBA," and the "2018-2021 CBA" respectively) (collectively the "UHES CBAs") with LOCAL 30. (A copy of the 2012-2014 CBA is attached hereto as **Exhibit 4**); (A copy of the 2015-2017 CBA is attached hereto as **Exhibit 5**); (A copy of the 2018-2021 CBA is attached hereto as **Exhibit 6**).

13. BPHCI executed a series of Addenda, effective January 1, 2013, January 1, 2014, January 1, 2015, January 1, 2016, January 1, 2017, and January 1, 2018, through which BPHCI agreed to continue to be signatory to the UHES CBAs. (Copies of the 2013, 2015, 2016, 2017, and 2018 Addenda are attached hereto as **Exhibit 7**).

14. Through the UHES CBAs Defendant BPHCI became bound by the provisions of the WELFARE FUND's Trust Agreement.

15. Additionally, effective January 1, 2013, BPHCI entered into a Participation Agreement (hereinafter "Participation Agreement") with the WELFARE FUND, which required BPHCI to pay contributions to the WELFARE FUND at the negotiated rate on behalf of its non-bargaining unit employees. (A copy of the Participation Agreement is attached hereto as **Exhibit 8**).

16. Pursuant to provisions of the UHES CBAs, Participation Agreement, and Trust Agreement, Defendant BPHCI was required to make monthly reports of hours worked by covered employees and remit contributions on behalf of their bargaining-unit and non-bargaining-unit employees to the WELFARE FUND.

17. Pursuant to the provisions of the UHES CBAs, Defendant BPHCI is also required to make monthly reports of hours worked by covered bargaining-unit employees and deduct union dues and initiation fees from its covered employees' wages, which are to be paid to LOCAL 30.

18. The monthly reports, contributions, union dues and initiation fees required be paid as set forth in paragraphs 15 through 17 above during all times relevant were due on or before the 10th day of the calendar month.

19. Pursuant to Section 502(g)(2) of ERISA, the UHES CBAs, the Participation Agreement, and the Trust Agreement, employers who fail to remit their monthly contribution reports and contributions to the on a timely basis are responsible for the payment of liquidated damages to the WELFARE FUND equal to ten percent (10%) of the amount of unpaid contributions plus any reasonable attorney's fees and costs of maintaining suit.

20. Pursuant to the UHES CBAs, employers who fail to remit payment of union dues and initiation fees to LOCAL 30 on a timely basis are responsible for the payment of liquidated damages equal to one and one-half percent (1.5%) of the amount of unpaid union dues and initiation fees for each month that the union dues and initiation fees remain outstanding.

21. On December 17, 2018, Bansley and Kiener, L.L.P. (hereinafter "the Auditors"), Plaintiffs' auditors, notified Defendant BPHCI that they would be conducting a payroll compliance audit of BPHCI pursuant to the UHES CBAs, Participation Agreement, and the Trust

Agreement.

22. Defendant BPHCI has refused to cooperate with the Auditors regarding the scheduling of a payroll compliance audit.

23. On December 7, 2018, BPHCI sent a letter to the Bargaining Association indicating it purchased health insurance for the company beginning on October 1, 2018, and would not be "renewing in 2019."

24. BPHCI has failed to submit contribution reports and the associated payments to the WELFARE FUND and LOCAL 30 pursuant to the 2018-2021 CBA and Trust Agreement for the months of November 2018 and December 2018.

25. Plaintiffs have complied with all conditions precedent in bringing this suit.

26. Defendant BPHCI is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That this Honorable Court enter an Order requiring BPHCI to submit contribution reports and the associated payments for November 2018 and December 2018;

B. That an Order be entered instructing Defendant BPHCI to comply with a payroll compliance audit for the period of January 1, 2013, through Present;

C. That Judgment be entered in favor of Plaintiffs and against Defendant BPHCI in an unknown amount for all unpaid contributions, union dues and initiation fees, liquidated damages, and audit fees revealed in the payroll compliance audit;

D. That Judgment be entered in favor of Plaintiffs and against Defendant BPHCI for any other

contributions, union dues, initiation fees, liquidated damages, or audit fees that are found to be due and owing in addition to the amounts referenced in paragraph A and C above;

E. That Defendant BPHCI be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the UHES CBAs, Participation Agreement, Trust Agreement and 29 U.S.C. § 1132(g)(2)(D); and

F. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

                    Respectfully submitted,

                    **CENTRAL STATES JOINT BOARD**
                    **HEALTH & WELFARE FUND** *et al.*

By:   /s/ William M. Blumthal, Jr. – 6281041
       One of Plaintiffs' Attorneys

William M. Blumthal, Jr.
**JOHNSON & KROL, LLC**
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 757-5477
blumthal@johnsonkrol.com

January 3, 2019